**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Robert LIN, Defendant–Appellant.**

**No. 05–10615.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 14, 2006.

Filed June 22, 2006.

Stanley A. Boone, Esq., USF—Office of the U.S. Attorney, Fresno, CA, for Plaintiff–Appellee.

James M. Epstein, Law Offices of James Michael Epstein, Los Angeles, CA, for Defendant–Appellant.

Before: SCHROEDER, Chief Judge, GRABER, Circuit Judge, and DUFFY,* District Judge.

## MEMORANDUM**

Defendant–Appellant Robert Lin was convicted after a trial before a magistrate judge of failing to obey a lawful order pursuant to 36 C.F.R. § 2.32(a)(2), to return to his car during a traffic stop in Yosemite National Park. The district court upheld the conviction, and we affirm.

Lin argues that the requisite mens rea under 36 C.F.R. § 2.32(a)(2) should be specific intent, and that the evidence was insufficient to convict him because it did not establish his specific intent. Lin also argues that his conviction should be overturned based on the affirmative defense of necessity. On appeal, after a finder of fact has convicted the defendant, the evidence is viewed in the light most favorable to the prosecution. *See, e.g., United States v. Crawford,* 239 F.3d 1086, 1092 (9th Cir. 2001). A lower court's interpretation of a regulation is reviewed de novo. *See United States v. Hoff,* 22 F.3d 222, 223 (9th Cir.1994) (per curiam). The application of the necessity defense is also reviewed de novo. *See United States v. Arellano–Rivera,* 244 F.3d 1119, 1125 (9th Cir.2001).

▪ Lin formulates his view of the requisite mens rea under 36 C.F.R.

§ 2.32(a)(2) as: the Government must prove that he knew that the order was lawful, and knowing its lawfulness, he intentionally did not comply with it. This formulation is not supported by the plain language of the regulation.

▪ Section 2.32 of Title 36 of the Code of Federal Regulations is entitled "Interfering with agency functions." Subsection (a)(2) prohibits:

> Violating the lawful order of a government employee or agent authorized to maintain order and control public access and movement during … law enforcement actions … where the control of public movement and activities is necessary to maintain order and public safety.

The plain language of the regulation does not include the words "intentionally" or "knowingly." This is particularly informative in light of the fact that the other subsections of section 2.32(a) include either the word "knowingly" or "intentionally." The omission of a stated mens rea from this subsection is strong evidence that the drafters intentionally omitted it. *See Gozlon–Peretz v. United States,* 498 U.S. 395, 404, 111 S.Ct. 840, 112 L.Ed.2d 919 (1991) ("Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusions."). When a specific mens rea is omitted, "[t]he presumption in favor of scienter requires a court to read into a statute only that *mens rea* which is necessary to separate wrongful conduct from otherwise innocent conduct." *See Carter v. United States,* 530 U.S. 255, 269, 120 S.Ct. 2159, 147 L.Ed.2d 203 (2000)

---

* The Honorable Kevin Thomas Duffy, District Judge for the Southern Disrict of New York, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

(internal quotation marks omitted). We conclude that the appropriate mens rea under 36 C.F.R. § 2.32(a)(2) is general intent, and the government presented sufficient evidence to support Lin's conviction.

 Next, Lin argues that his conviction should be overturned based on the affirmative defense of necessity. He claims that he exited the car and refused to return to it because he was suffering from asthmatic symptoms and wanted to use his inhaler in the fresh air while standing up.[1] A defense of necessity requires a defendant to show that: (1) he was faced with a choice of two evils and chose the lesser evil; (2) that he acted to prevent imminent harm; (3) that he reasonably anticipated a causal relation between his conduct and the harm to be avoided; and (4) that there were no other legal alternatives. *See Arellano–Rivera*, 244 F.3d at 1125–26. Lin's claim fails for a number of reasons. His own admission that he was not having a full-blown asthma attack, suggests the harm was not imminent. A number of alternatives were available to Lin, such as asking the park ranger for help or using his inhaler while standing next to the car. Viewing the evidence in the light most favorable to the prosecution and considering that the three emergency medical professionals on the scene did not detect Lin's symptoms, we find that he has failed to establish the defense of necessity.

AFFIRMED.

---

1. The trial court noted that there is a question as to whether Lin properly raised the defense of necessity at trial; therefore, that Government argues that we should review for plain error. However, the result is the same re-gardless of whether we review for plain error or de novo.

